**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JESSIKA KOLOSOVAS DE SOUSA,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 5:26-CV-06610-DSR

**ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING IMMEDIATE RELEASE**

On November 5, 2026, Petitioner, a noncitizen presently detained in the custody of U.S. Immigration and Customs Enforcement ("ICE"), initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") challenging her ongoing detention as violative of the Constitution or laws or treaties of the United States. See Doc. No. 1. The Petition names as Respondents the Secretary of the Department of Homeland Security, the Acting Director of ICE, the Attorney General of the United States, the Director of the Los Angeles Field Office of ICE's Enforcement and Removal Operations division, and the Warden of the Adelanto ICE Processing Center where Petitioner is presently detained, all in their official capacity (collectively "Respondents"). Id.

Petitioner seeks a Writ of Habeas Corpus ordering Respondents to release her from immigration custody forthwith and to prohibit them from re-detaining her again absent a hearing before a neutral adjudicator. Id. at prayer ¶¶ 3-4.

Concurrently with filing the Petition, Petitioner voluntarily consented under 28 U.S.C. § 636 to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment. See Doc. No. 5. On November 6, 2026, the Clerk of Court served the Petition on Respondents pursuant to General Order No. 26-05, along with a Notice of that General Order. See Doc. No. 7. In the Notice of General Order 26-05, the Court directed Respondents "to show cause why the writ of habeas corpus should not be granted," in an Answer to be filed no later than seven calendar days after the Clerk's Office issues the Notice of the General Order, here November 13, 2026. Id. at ECF pp. 1, 5. Respondents did not file any such Answer and have disregarded entirely the Court's directive that they "show cause why the writ of habeas corpus should not be granted." In addition, Local Rule 7-12 provides that "[t]he failure to file any required document … may be deemed consent to the granting or denial of the motion[.]" The Court deems Respondents' failure to file an Answer to the Petition in this case, despite having notice of their obligation to do so and an opportunity to comply, to be their consent to granting the relief sought in the Petition for Writ of Habeas Corpus.

The Court therefore finds that Petitioner is presently in custody of Respondents in violation of the Constitution or laws or treaties of the United States; thus, a Writ of Habeas Corpus should issue pursuant to 28 U.S.C. § 2241 compelling his immediate release.

IT IS THEREFORE ORDERED that:

(A) Respondents shall immediately release Petitioner **Jessika Kolosovas De Sousa (A-213-110-447)** from immigration custody, as well as return any to her personal property and documents seized from her at the time of her November 4, 2026 detention.

(B) Respondents are enjoined from re-detaining Petitioner absent compliance with applicable law.

(C) Respondents shall provide Petitioner with a copy of this Order at or near the time of release.

(D) Within two days of the date of this Order, Respondents shall file with the Court a status report confirming Petitioner's release.

The Court will issue Judgment consistent with this Order.

**IT IS SO ORDERED.**

DATED: November 16, 2026

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE